UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL RODRIGUEZ-AGUILERA,<br><br>Defendant. | Case No.: 5:02-cr-20036 EJD<br>Case No.: 5:10-cr-00597 EJD<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Federal prisoner Daniel Rodriguez-Aguilera ("Petitioner") filed this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel and challenging the knowing and intelligent nature of his guilty plea. Petitioner requests that the Court reconsider his sentence of fifty-seven months, reduce his sentence to time served, and immediately deport him to Mexico. In the alternative, Petitioner requests that the Court reduce his sentence to fifty months. For the reasons discussed below, Petitioner's motion is denied.

//

//

//

//

## I.   BACKGROUND

On February 28, 2011, Petitioner pleaded guilty before Judge James Ware to two separate counts of illegal re-entry following deportation in violation of 8 U.S.C. § 1326.[1] Thereafter, Judge Ware sentenced Petitioner to a concurrent prison term of fifty-seven months for both counts on May 26, 2011, and judgment was entered accordingly in each case. 5:02-cr-20036-EJD, Docket Item Nos. 50, 53; 5:10-cr-00597-EJD, Docket Item Nos. 32, 35. Petitioner then filed the instant motion for both cases on November 17, 2011. 5:02-cr-20036-EJD, Docket Item No. 44; 5:10-cr-00597-EJD, Docket Item No. 30. After an initial review, the Court ordered Respondent to show cause why Petitioner's motion should not be granted. 5:02-cr-20036-EJD, Docket Item No. 56; 5:10-cr-00597-EJD, Docket Item No. 38. Respondent filed a timely opposition on March 26, 2012. 5:02-cr-20036-EJD, Docket Item No. 68; 5:10-cr-00597-EJD, Docket Item No. 49.

Petitioner claims ineffective assistance of counsel, alleging that: (1) counsel informed him that he was required to enter a guilty plea although Petitioner had not been fully informed of the facts of the case; (2) counsel, through an interpreter, misled Petitioner to believe that he was pleading guilty for a maximum penalty of fifty months imprisonment; (3) counsel failed to object to the first indictment, the statute of limitation of which had passed; and (4) counsel failed to fulfill his duties to the Court in that he failed "to protect the petitioner's constitutional rights including protections against self-incrimination and petitioner's Due Process Rights." Pet'r's Mem. 1-2. Petitioner also challenges the knowing and intelligent nature of his guilty plea. Id. at 4.

## II.   LEGAL STANDARD

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. The motion must be filed in the court that imposed the sentence. Id. § 2255(a). Under § 2255(a), the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

---

[1] The first violation occurred on April 23, 2001. The indictment for the first violation was filed on March 27, 2002 and is contained in case number 5:02-cr-20036-EJD. The second violation occurred on July 22, 2010. The indictment for the second violation was filed on August 5, 2010 and is contained in case number 5:10-cr-00597-EJD.

of the maximum authorized by law, or is otherwise subject to collateral attack." If the court finds that relief is warranted, it must "vacate and set the judgment aside," and then perform one of the following four actions: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

### III.   DISCUSSION

#### A.   Claim of Ineffective Assistance of Counsel

A claim for ineffective assistance of counsel is subject to the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).

First, the petitioner must demonstrate that counsel's performance was deficient. *Id.* A lawyer's performance is constitutionally deficient only when it "so undermines the proper functioning of the adversarial process that the [proceedings] cannot be relied upon as hav[ing] produced a just result." *Id.* Furthermore, "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." United States v. Ferreira–Alameda, 815 F.2d 1251, 1253 (9th Cir.1987).

Second, the petitioner must demonstrate that counsel's deficient performance prejudiced him, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hensley v. Crist, 67 F.3d 181,184–85 (9th Cir.1995). A court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Petitioner has failed to fulfill his burden of demonstrating that counsel's performance was deficient. Nothing in the record indicates that counsel misinformed or misled Petitioner into pleading guilty. Counsel also was not deficient in representing Petitioner. In fact, counsel advocated vigorously for Petitioner to reduce Petitioner's sentence. See 5:02-cr-20036-EJD, Docket Item No. 62; 5:10-cr-00597-EJD, Docket Item No. 46. For example, during the sentencing hearing for Petitioner, when Judge Ware noted that the Court had never committed itself to a particular sentence, counsel indicated that Petitioner should get the minimum sentence because

3

Petitioner had pleaded guilty based on representations by the government and the Court. Id. at 7-8 ("But he said . . . I'll plead guilty to entering from Mexico, but if you can give me the minimum, I'll accept culpability. . . . I would like Mr. Rodriguez-Aguilera to get the benefit of his bargain as he understood it."). Moreover, counsel did not err when he did not object to the first violation on statute of limitation grounds. "Except as otherwise provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282. The indictment for the first violation, which occurred on April 23, 2001, was filed on March 27, 2002, well within the statute of limitations.

Even if counsel's performance was deficient, it did not prejudice Petitioner. When Petitioner indicated that he did not know exactly what was going on during a proceeding before Judge Ware on February 28, 2011, Judge Ware carefully and thoroughly explained to Petitioner the two charges against him. See 5:02-cr-20036-EJD, Docket Item No. 44, at 5-6; 5:10-cr-20036-EJD, Docket Item No. 30, at 5-6. Judge Ware also clearly stated that the two charges against Petitioner were charges in which Congress had established statutory maximum punishments: "In both cases the maximum prison term is 20 years in prison; the maximum fine is 250,000. There's a maximum term of supervised release of three years and in each case you could be made to pay a special assessment of $100." Id. at 7. When Judge Ware asked whether Petitioner understood all of this, Petitioner responded, "Yes." Id. Judge Ware further ensured that Petitioner understood his right to a trial by jury and the assistance of an attorney for his defense. Id. at 8. Additionally, Judge Ware informed Petitioner that he could not promise anything in terms of Petitioner's sentencing even if Petitioner pleaded guilty. Id. at 10. In light of these facts, the Court finds that Petitioner's claim of ineffective assistance of counsel to be without merit.

### B. Challenge to the Knowing and Intelligent Nature of Guilty Plea

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). As detailed above, Judge Ware took extensive steps to ensure that Petitioner

understood the charges against him and his rights to plead not guilty. See 5:02-cr-20036-EJD, Docket Item No. 44, at 4-11; 5:10-cr-20036-EJD, Docket Item No. 30, at 4-11. Petitioner repeatedly answered, "Yes," when Judge Ware repeatedly asked Petitioner whether he understood the consequences of pleading guilty. Id. Thus, the Court finds Petitioner's challenge to the voluntary and intelligent nature of his guilty plea to be without merit.

### IV.  CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion. No certificate of appealability shall issue, as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  Judgment shall be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

Dated: September 13, 2013



EDWARD J. DAVILA
United States District Judge